**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 22, 2006**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60132
_____

MAHMOOD RAZA

Petitioner,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent.

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A78 141 371

_____

Before JONES, Chief Judge, and WIENER and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Mahmood Raza petitions for review of the order
of the Board of Immigration Appeals ("BIA"), affirming the judgment
of the Immigration Judge ("IJ") denying his application for asylum
and withholding of removal. We dismiss his petition regarding the
denial of asylum for lack of jurisdiction and we deny his petition
for review of the order denying withholding of removal.

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

The facts are undisputed. Raza is a citizen of Pakistan who entered the United States legally in 1997 as a nonimmigrant with authorization to stay in the United States for not more than six months. Raza filed an application for asylum and withholding of removal on October 9, 2003. On March 15, 2004, the IJ denied Raza a full asylum hearing on the basis that he did not file the asylum application within one year of entry and did not qualify for any exception to the one year rule by proving changed circumstances or extraordinary circumstances. The IJ also found that Raza was not eligible for withholding of removal because he failed to establish a clear probability of persecution if he returned to Pakistan. Raza appealed to the BIA, which affirmed without opinion on January 28, 2005. Raza subsequently filed a motion to reconsider with the BIA, which denied the motion with an opinion on March 21, 2005. Raza now petitions this court for review of the order from the BIA affirming the judgment of the IJ to deny his application for asylum and withholding of removal.

## II. DISCUSSION

### A. Jurisdiction over BIA's Finding of Facts

This court lacks jurisdiction to review alien asylum claims, found by the BIA to be time barred. See 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any

2

determination of the Attorney General under paragraph (2) [providing for exceptions, including the time bar, to an alien's right to apply for asylum]."). There is a narrow exception where the reasoning of the BIA is unclear. Zhu v. Ashcroft, 382 F.3d 521, 527 (5th Cir. 2005) (remanding to the BIA because its affirmance without opinion left the court with "no way of knowing whether the BIA affirmed the IJ's decision on a non-reviewable basis, i.e., untimeliness). In the instant case, however, the BIA stated in its order that "[Raza's] asylum application is time-barred." In addition, the BIA further stated that Raza was not entitled to any exceptions as "he has not shown changed circumstances which have materially affected his eligibility for asylum, or that extraordinary circumstances prevented the filing of the application within the 1 year time limit." Thus, unlike Zhu, the BIA made it clear that the basis for its affirmance of the IJ's judgment was untimeliness, and therefore, this court lacks jurisdiction.

Raza argues that this court has jurisdiction under the REAL ID Act.[1] Although the REAL ID Act retroactively restored this

---

[1] Real ID Act Section 106(a)(1)(iii) amended 8 U.S.C. § 1252 (respecting judicial review of final orders of removal) by adding a new provision, § 1252 (a)(2)(D), as follows:

Nothing in subparagraph (B) or C [of § 1252(a)(2)], or in any other provision on [Immigration and Nationality Act] (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate

court's jurisdiction to review constitutional claims and questions of law regarding final orders of removal in many circumstances where such review otherwise would be barred, the determination whether Raza demonstrated that he filed his claim within one year of arrival, or that exceptional circumstances precluded such a finding, does not involve such a constitutional claim or legal question. The affirmance by the BIA based on untimeliness is a factual question and therefore not subject to judicial review under the REAL ID Act. We therefore DISMISS Raza's asylum petition for lack of jurisdiction.

B.    Withholding of Removal Claim

The BIA's order denying Raza's withholding of removal, however, is reviewable by this court. 8 U.S.C. § 1252; Roy v. Ashcroft, 389 F.3d 132, 135 (5th Cir. 2004). "Although this Court generally reviews decisions of the BIA, not immigration judges, it may review an immigration judge's decision when, as here, the BIA affirms without additional explanation." Thuri v. Ashcroft, 380 F.3d 788, 791 (5th Cir. 2004) (quoting Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003)). The IJ's factual conclusions are reviewed for substantial evidence. Girma v. INS, 283 F.3d 664, 666 (5th Cir. 2002). "Under the substantial evidence standard ...

_____

court of appeals in accordance with this section.

4

we must defer to the [IJ]'s factual findings unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise." Id. (quoting Mikhael v. INS, 115 F.3d 299, 304 (5th Cir. 1997)).

The Attorney General must withhold removal of an alien who proves a clear probability of persecution upon removal to his home country. See 8 U.S.C. § 1231(b)(a)(A). To qualify for withholding of removal, an applicant must establish a clear probability of persecution, which means that persecution is "more likely than not." INS v. Cardoza-Fonseca, 480 U.S. 421, 423, 107 S. Ct. 1207, 1209 (1987). Raza based his withholding petition on changed conditions in Pakistan after the September 11, 2001 terrorist attack in the United States. The IJ stated in his opinion that "[Raza] bases his fear of return to Pakistan on the possibility that he would be targeted by Islamic extremists, because of his moderate views, and [Raza] has provided some evidence in the way of newspaper articles about general conditions of Pakistan." The IJ concluded: "it appears that [Raza] fears general conditions of violence in Pakistan. He has . . . not cited any instances of any[one] targeting him or his family." It is established that "people who are fleeing general conditions of violence cannot establish a well-founded fear of persecution." Matter of Mogharrabi, 19 I. & N. Dec. 439, 447 (BIA 1987).

5

The decisions of the IJ and BIA that Raza failed to establish a clear probability of his individual persecution based on his religion, political opinion, or membership in a particular social group if he returns to Pakistan are supported by substantial evidence. We therefore DENY Raza's petition for withholding of removal.

## CONCLUSION

We are without jurisdiction to review the denial of Raza's application for asylum as time-barred, so we dismiss Raza's asylum application. Satisfied that the IJ's order is supported by substantial evidence, we deny Raza's petition for withholding of removal.

DISMISSED in part; DENIED in part.

6